UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case Nos. 2:22-cv-06664-JLS-E                                              Date:  November 09, 2023
Titles: Giselle Christianakis v. Allergan USA, Inc., et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Gabby Garcia  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                          Not Present

**PROCEEDINGS:   (IN CHAMBERS)   ORDER TO SHOW CAUSE RE FRAUDULENT JOINDER**

Plaintiff Giselle Christianakis filed this action in Los Angeles County Superior Court on July 28, 2022.  (Compl., Ex. A to Notice of Removal, Doc. 1.)  On September 16, 2022, Defendants Allergan, Inc., AbbVie Inc., and AbbVie US LLC removed the case to this Court, asserting diversity jurisdiction.  (Notice of Removal, Doc. 1 at 1.)  Although both Plaintiff and Defendant Sharon Ford are California citizens, Defendants contend that complete diversity exists because Ford should be disregarded as a fraudulently joined party.  (*See id.* at 3–10.)

A "district court ha[s] a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raise[] the issue or not."  *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  Here, the Court lacks subject matter jurisdiction over the action unless Ford was indeed fraudulently joined.  But "[t]here is a 'general presumption against fraudulent joinder' and the defendant's burden of demonstrating that a joinder is fraudulent is a 'heavy' one." *Dejillo v. Wells Fargo Bank, N.A.*, 2015 WL 5187344, at *2 (N.D. Cal. Sept. 4, 2015) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).  Indeed, "[j]oinder is fraudulent only when it is 'obvious according to the settled rules of the state that [a plaintiff] has failed to state a claim against [a joined defendant].'" *Salgado-Lopez v. Ford Motor Co.*, 2020 WL 564248, at *3 (N.D. Cal. Feb. 5, 2020) (second and third alterations in original) (quoting *Hunter*, 582 F.3d at 1046).  "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case Nos. 2:22-cv-06664-JLS-E | Date:  November 09, 2023 |
| Titles: Giselle Christianakis v. Allergan USA, Inc., et al. | |

the case to the state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

    To determine whether such possibility exists here, Plaintiff is ORDERED to respond to Defendants' arguments and legal authority on the fraudulent joinder issue as set forth in the Notice of Removal **within five (5) days of the date of this Order**. Defendants may then file a reply **within five (5) days of the date of Plaintiff's response**, at which time the Court will take the matter under submission.  Plaintiff's response may not exceed seven (7) pages and Defendants' reply may not exceed five (5) pages.

Initials of Preparer:  __gga___